IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD DAN, | ) | CIVIL NO. 08-00150 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALBAR PRECIOUS METAL REFINING, INC., ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTERCLAIM</u>**

Before the Court is Defendants' Albar Precious Metal Refining, Inc. and Cash4Gold, LLC ("Cash4Gold") Motion for Leave to File Counterclaim ("Motion"), filed on June 30, 2009. Plaintiff Richard Dan ("Plaintiff") filed his memorandum in opposition on August 7, 2009 and Defendants filed their reply on August 14, 2009. This matter came on for hearing on August 24, 2009. Appearing on behalf of Defendants was John Lacy, Esq., and appearing on behalf of Plaintiff was Paul Maki, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendants' Motion is HEREBY GRANTED for the reasons set forth below.

**<u>BACKGROUND</u>**

On April 1, 2008, Plaintiff filed this action against Defendants, alleging that Defendants' use of the term "Cash4Gold" in advertising in Hawaii violates 15 U.S.C. section 1125(a)

(section 43(a)of the Lanham Act) and state law claims.  On December 31, 2008, the Court filed its Rule 16 Scheduling Order.  The order provided, in relevant part, that motions to join additional parties or amend the pleadings were to be filed by May 1, 2009.

In the instant Motion, Defendants contend that on or about May 28, 2009, Plaintiff knowingly registered 13 domain names incorporating the "Cash4Gold" mark.  Defendants assert that those registrations were in violation of section 43 of the Lanham Act, 15 U.S.C. section 1125(a) and violates the Anti-Cyber Piracy Consumer Act.  Defendants also assert that the registrations were in violation of Hawaii state law.  Defendants note that the Plaintiff's alleged improper registrations occurred after Defendants filed their answer and that the instant Motion was promptly filed after Defendants' discovery of the same.  Defendants argue that Plaintiff will not suffer any prejudice in his ability to defend against the proposed counterclaim, especially since it is based on Plaintiff's recent conduct.

Plaintiff filed his opposition to the Motion on August 7, 2009.  Plaintiff argues that the Motion is untimely in that under the Rule 16 Scheduling Order, Defendants were required to file any motion to amend the pleadings by May 1, 2009.  Plaintiff further argues that the proposed counterclaim is frivolous.  In particular, although Defendants allege in the proposed

counterclaim that it possesses trademark and other rights associated with the mark "Cash4Gold", it fails to advise the Court that its efforts to register the "Cash4Gold" mark are being rejected by the U.S. Patent and Trademark Office.  Plaintiff also notes that as soon as the alleged improper registrations were brought to his attention, Plaintiff offered to either cancel those registrations or transfer them to Defendants.

On August 14, 2009, Defendants filed their reply memorandum.  Defendants largely reiterate their arguments made in the Motion.  In addition, Cash4Gold claims that Plaintiff's offer of compromise to resolve the alleged trademark infringement claims is irrelevant and that it is legally entitled to recovery of those claims.

### **DISCUSSION**

Under Rule 15(a), once a responsive pleading has been filed, a party must obtain leave of court or the written consent of the opposing party to amend its pleadings.  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The determination whether a party should be allowed to amend a pleading is left to the discretion of the court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted).  If the facts or circumstances a plaintiff relies upon may be the basis of relief, she should be afforded an opportunity to test her claim on the merits.  See

Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'"  In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings. See Foman, 371 U.S. at 182; Morris, 363 F.3d at 894 (citation omitted).  Not all of these factors carry equal weight; prejudice to the opposing party is the most persuasive factor.  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted).  The party opposing the motion for leave to amend bears the burden of establishing prejudice.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citing Beeck v. Aqua-slide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977)).  If there is neither prejudice to the opposing party nor a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend.  See Eminence, 316 F.3d at 1052 (citing Lowrey v. Tex. A&M Univ. Sys., 117 F.3d

242, 245 (5th Cir. 1997)).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).

The Court finds that there has been no undue delay, bad faith, or dilatory motive by Defendants in filing the Motion. Although the Motion was filed after the deadline to file said motion had passed, the conduct that gave rise to the proposed counterclaim also occurred after the passing of such deadline. Thereafter, Defendants promptly filed the instant Motion. Moreover, at the hearing, counsel for Plaintiff indicated that, if granted, he did not anticipate requesting extensions of any deadlines, including the deadline for dispositive motions, or the trial date, that are set forth in the Amended Rule 16 Scheduling Order, filed July 10, 2009. Therefore, the Court finds that Plaintiff will not be prejudiced by a grant of leave to Defendants to file their counterclaim.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion for Leave to File Counterclaim, filed June 30, 2009, is HEREBY

GRANTED and Defendants shall file the Counterclaim by no later than September 10, 2009.

      IT IS SO ORDERED.

      DATED AT HONOLULU, HAWAII, September 2, 2009.



      /S/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States Magistrate Judge

**RICHARD I. DAN V. ALBAR PRECIOUS METAL REFINING, INC., ET AL; CIVIL NO. 08-00150 JMS-LEK; ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTERCLAIM**