# MINUTES

CASE NUMBER:     CIVIL NO. 08-00150JMS-LEK

CASE NAME:       Richard I. Dan vs. Albar Precious Metal Refining, Inc., et al.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

JUDGE:    Leslie E. Kobayashi         REPORTER:

DATE:     10/30/2009                  TIME:

COURT ACTION:  **EO: COURT ORDER**

    This matter involves claims of trademark infringement.  Plaintiff Richard I. Dan ("Plaintiff") filed the instant action on April 4, 2008.  Defendant Cash4Gold, LLC ("Defendant") denied all claims and filed its counterclaim on September 9, 2009.  Several settlement conferences were held with the Court and the parties ultimately settled all claims in this action.  On September 21, 2009, the terms of the settlement were stated on the record and agreed to by all parties.  This Court retained jurisdiction over this matter to assist the parties, if necessary, with the completion of the settlement documentation.

    On October 28, 2009, the Court received a letter from Plaintiff's counsel seeking assistance in resolving the language of one provision in the settlement agreement ("October 28 Letter").  Specifically, the issue was phrased as being that "[t]here are two competing paragraphs on this issue which the parties have not been able to reconcile." [October 28 Letter at 1.] Defendant's counsel submitted a letter on October 29, 2009. ("October 29 Letter").  Defendant's counsel finds that "Plaintiff's draft paragraph goes well beyond the settlement terms agreed to by the Defendants." [10/29/09 Letter at 1.] In essence, the Court understands Defendant's objection to be that Plaintiff's proposed paragraph would prohibit Defendant as well as "Affiliates" from having a trade show or other business of "any kind" physically present in the State of Hawaii as opposed to limiting Defendant from having a physical presence in the State of Hawaii that conducts or promotes precious metal recycling, and that the definition of "Affiliates" is overly broad.

    The Court construes the October 28 Letter and October 29 Letter as the parties jointly seeking to have the Court determine language which accurately reflects the

negotiated agreement placed on the record on September 21, 2009.

The Court hereby provides the following language as appropriate in light of the settlement placed on the record in the instant matter and the settlement negotiations held with this Court:

> Defendants and their Affiliates shall not, directly or indirectly, create, operate, advertise, promote, or maintain a business establishment having a physical presence for any amount of time located within the State of Hawai`i that purchases jewelry, bullion, coins, watches, precious and semi-precious metals and gems, foreign currency or used goods, and Defendants and their Affiliates shall not, directly or indirectly, create, operate, or maintain a business establishment having a physical presence for any amount of time located within the State of Hawai`i that utilizes the name CASH4GOLD and CASH FOR GOLD.  "Affiliates" shall mean and include Defendants' members, officers, directors, partners, trustees, employees and licensees.

**IT IS SO ORDERED.**

Submitted by: Warren N. Nakamura, Courtroom Manager